Rayminh L. Ngo, Esq.,
SDNY #RN4834
HIGBEE & ASSOCIATES (Of Counsel)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff,*
SETH GOTTFRIED

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SETH GOTTFRIED,<br><br>Plaintiff,<br><br>v.<br><br>COMPLEX MEDIA, INC. d/b/a www.complex.com; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Seth Gottfried alleges as follows:

### JURISDICTION AND VENUE

1.   This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §

1

101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or reside within the State of New York Defendant's acts of infringement complained of herein occurred in the State of New York, and Defendant caused injury to Plaintiff within the State of New York.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff Seth Gottfried ("Gottfried" or "Plaintiff") resides in the State of New York and is a professional photographer by trade.

6. Plaintiff is informed and believes, and thereon alleges, that Complex Media, Inc. ("Defendant") is a corporation duly organized and existing under the laws of the State of New York with a principal place of business at 1271 Avenue of the Americas, 35th Floor, New York, New York 10020.

7. On information and belief, Defendant is the owner and operator of the website http://www.complex.com/ ("Defendant's Website") which generates advertising revenue by driving user traffic to the site by its content.

8. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

9. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

## FACTUAL ALLEGATIONS

10. Plaintiff Seth Gottfried is a professional photographer by trade.

11. Gottfried is the sole author and exclusive rights holder to two original

photographs of scene of a double suicide on New York (the "Suicide Images") and one original photograph of the scene of a car crash involving a drunk driver (the "Car Crash Image", collectively the "Images"). A true and correct copy of the original Images is attached hereto as Exhibit A.

12. Gottfried registered the Suicide Images with the United States Copyright Office under registration number VA 2-073-887, and the Car Crash Image registration number VA 2-078-185.

13. Gottfried originally licensed the Images to the New York Post ("Post").

14. On May 16, 2014, the Post ran an article on its website that featured the Car Crash Image titled "Drunk driver crashes into NYPD headquarters, blames GPS." On July 28, 2017, the Post ran an article on its website that featured the Suicide Images titled "Couple caught in 'financial spiral' jump to their deaths" (Collectively, the "Post Articles"). *See* https://nypost.com/2014/05/16/drunk-driver-crashes-into-nypd-headquarters/; https://nypost.com/2017/07/28/couple-caught-in-financial-spiral-jump-to-their-deaths/.

15. On or about October 27, 2017, Gottfried discovered that Defendant had used the Images on Defendant's Website in two articles titled "Don't Drive Drunk or Crash Into a Police Station" and "Manhattan Parents Overwhelmed With Medical Bills Commit Double Suicide" (collectively, the "Infringing Articles").

True and correct copies of the Infringing Articles featuring Gottfried's Images is attached hereto as Exhibit B. *See also* http://www.complex.com/pop-culture/2014/05/dont-drive-drunk-or-crash-into-a-police-station; http://www.complex.com/life/2017/07/new-york-parents-healthcare-suicide.

16. Each of the Images appearing in the Infringing Articles on Defendant's Website contained the caption "Image via New York Post/Seth Gottfried," indicating that Defendant was aware that Gottfried was the author and copyright holder of the Images, and willfully copied the Images onto Defendant's Website without permission.

17. Defendant never contacted Gottfried regarding use of the Images and Gottfried never authorized Defendant to use the Images in any manner on Defendant's Website.

18. On or about November 10, 2017, Plaintiff's counsel sent a cease and desist letter requesting that Defendant immediate remove the Images from Defendant's Website.

19. As of the date of this Complaint, Defendant has removed one of the Suicide Images, however the second Suicide Image and the Car Crash Image are still displayed on the Infringing Articles on Defendant's Website. True and correct time stamped copies of Defendant's continued unauthorized use of the Images is attached hereto as Exhibit C.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.*

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Images.

22.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Article on Defendant's Website.

23.     Specifically, the fact that Defendant acknowledged Plaintiff as the author of the Images in its Infringing Articles on Defendant's Website indicates that Defendant was aware that Plaintiff was the author and copyright holder of the Images, and that Defendant willfully copied the Images onto Defendant's Website in reckless disregard of Plaintiff's rights.

24.     Additionally, Defendant's continued display of Plaintiff's Images on Defendant's Website despite the fact that Plaintiff's counsel sent a cease and desist letter to Defendant is further evidence of Defendant's reckless disregard.

25. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

26. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

27. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);
- For general and special damages against Defendant according to proof together with interest thereon at the maximum legal rate;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

/ / /

/ / /

/ / /

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: December 8, 2017                             Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.,
SDNY #RN4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff,*

## DEMAND FOR JURY TRIAL

Plaintiff, Seth Gottfried, hereby demands a trial by jury in the above matter.

Dated: December 8, 2017                              Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.,
SDNY #RN4834
HIGBEE & ASSOCIATES (Of Counsel)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff,*